Taliaferro, J.
This suit is brought against the defendant and various other persons named in the petition, who, as the plaintiff alleges, composed a partnership, entered into for the purpose of purchasing and owning the property known as the Mississippi Cotton Press and the Branch Press, forming part of the same; that Felix J. Forstall, now deceased, one of the copartners acting as the representative of said copartnership, and using his name as a firm name to represent said partnership, did on the first of November, 1859, purchase from the'plaintiff the said press and property for the sum and price of one hundred and thirty-two thousand dollars; that this copartnership, through the management and in the name of the said Felix J. Forstall, paid up from time to time portions of the price of said property, leaving due and unpaid on the twenty-ninth of April, 1868, thirty-eight thousand nine hundred and thirty-three dollars and eighty cents, for which sum with eight per cent, interest thereon from the twenty-ninth of April, 1868, this suit is brought.
The defendants filed separate answers, all pleading the general issue. Judgment was rendered against the defendants each for his share of the debt. A remittitur was afterwards entered for a portion of the amount recovered. The defendants, unable to obtain a new trial, have appealed.
We are unable to conclude that the evidence establishes the copartnership which the plaintiff alleges. He annexes to his petition an instrument signed by the parties, which recites that “the undersigned agree to join in the purchase of the Mississippi Press to the extent of *84 the amount affixed to their names.” This instrument is dated New Orleans, nineteenth of October, 1859, and against each signature is placed the amount each one is to contribute. This instrument does not show that the parties to it intended to purchase from the plaintiff, or that they had made or intended to make any contract with him. The plaintiff is not a party to the act.
The notarial act by which the plaintiff conveyed title to the property shows simply that the plaintiff sold “ the Mississippi Cotton Press” to Felix J. Forstall for $132,500, whereof $20,000 were paid in cash, and for the remainder Felix J. Forstall executed four several promissory notes, dated on the first day of November, 1859, drawn payable to his own order, and indorsed by him, stipulating interest at six per cent, per annum from date until maturity, and eight per cent, per annum thereafter until paid. The first note was for $15,250, made payable one year after date, and the other three respectively- at two, three and four years after date, each for the sum of twenty-eight thousand two hundred and fifty dollars. The payment of these notes was specially secured by mortgage and vendor’s privilege upon the property. There is nothing that shows privity between the plaintiff and these defendants. One of them testifying as a witness, says that he “ never made any contract, either directly or indirectly, with the plaintiff; even now I don’t know him; no contract of partnership was formed by us.” If, between Felix J. Forstall and the defendants, there existed an agreement by which the property was to be paid for and owned in common by them, the plaintiff shows nothing authorizing the conclusion that he considered the defendants bound to pay him anything on this contract. He seems, by the terms of the sale, to have looked only to Felix J. Forstall and the mortgage and vendor’s privilege upon this valuable property. The act of sale contains nothing that warrants the belief that Felix J. Forstall acted as an agent for any person. No power of attorney is shown authorizing him to bind others or to contract with the plaintiff in any manner.
The defendants plead against the notes the prescription of five years.
The view we take that the plaintiff has failed to show any contract between himself and the defendants renders it unnecessary for us to pass on the plea of prescription.
It is therefore ordered that the judgment appealed from be annulled and avoided. It is further ordered that there be judgment in favor of the defendants, the plaintiff paying costs in both courts.